

Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

### United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 2 2006

at 3 o'clock and 15 min. P M
SUE BEITIA, CLERK

U.S.A. vs. <u>ANDY JOE WATKINS</u>     Docket No. <u>CR 01-00247DAE-02</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANDY JOE WATKINS who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 30th day of September 2004, who fixed the period of supervision at 60 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2.  That the defendant provide the Probation Office access to any requested financial information.

   3.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

   4.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

   The subject's term of supervised release commenced on 2/24/2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

   That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

   1.   The subject associated with felon, Michael Gravatt, without the permission of the Probation Officer and was untruthful to the Probation Officer on 7/6/2006, in violation of Standard Condition Nos. 3 and 9.

   2.   The subject associated with felon, Joslyn G. Garcia, without the permission of the Probation Officer, in violation of Standard Condition No. 9.

Prob 12C
(Rev. 1/06 D/HI)

2

    3.    The subject submitted untruthful Monthly Supervision Reports for May and June of 2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[ ✓ ]    The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[   ]    Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    7/28/2006

_____
CARTER A. LEE
U.S. Probation Officer

Approved by:

_____
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

---

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 28th day of July, 2006, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge

Re:  **WATKINS, Andy Joe**
     **Criminal No. CR 01-00247DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As Your Honor may recall, the subject was convicted of Conspiracy to Distribute and Possess With Intent to Distribute Five Kilograms or More of Cocaine. On 9/30/2004, the subject was sentenced to 65 months imprisonment followed by 5 years of supervised release with general and special conditions as stated in the petition.

Since the start of his term of supervised release on 2/24/2006, the subject has incurred the following violations:

### Violation No. 1 - Associating With Convicted Felon, Michael Gravatt, and Untruthfulness to the Probation Officer on 7/6/2006:

On 12/2/2005, this officer met the subject for a prerelease interview at Mahoney Hale, in Honolulu, Hawaii. The subject reviewed his supervision conditions and discussed his release into the community on 2/24/2006. The subject stated that he understood the conditions of supervised release and executed the Conditions of Probation and Supervised Release (Probation Form 7A). During the meeting, the subject also requested to reside with his longtime friend, Michael Gravatt (Gravatt). The subject noted that Gravatt had incurred a minor conviction which occurred over 10 years ago. This officer responded that the proposed residence could not be approved until Gravatt's criminal history was verified. The subject noted that Gravatt was his only significant contact within the community and that he intended to invest in real property with Gravatt.

On 12/8/2005, this officer conducted a criminal rap check and discovered that Gravatt had prior convictions for Burglary, Assault in the Third Degree, Criminal Tampering, Open Lewdness, Drinking in a Public Area, Criminal Contempt of Court, and a federal conviction for Felony Larceny. The subject was subsequently contacted and his request to reside with Gravatt was denied. This officer reminded the subject that he is required to be truthful and his attempt to minimize Gravatt's criminal history was troubling. The subject eventually secured a single occupancy residence at 425 Ena Road, Honolulu, Hawaii.

In June 2006, this officer received a Monthly Treatment Report from the subject's substance abuse counselor, Certified Substance Abuse Counselor (CSAC) Stephanie Tsai-Burch. She reported that the subject was actively participating in treatment and mentioned that he was setting appropriate boundaries with his "roommate and roommate's child." However, this officer noticed that the subject's submitted monthly supervision reports did not reflect that others were living at his residence. Consequently, on 7/6/2006, an unannounced home inspection was conducted at the

Re: **WATKINS, Andy Joe**
   **Criminal No. CR 01-00247DAE-02**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 2**

subject's residence. While at the front door, this officer observed a male individual sleeping on the living room couch. This officer knocked on the door and identified himself. The male identified himself as "Shawn" and stated that the subject was "probably at work." Upon inquiry, the male stated that he was not living at the residence and "just visiting."

Later that day, the subject contacted this officer and confirmed that his friend "Shawn Hobart" and his toddler daughter occasionally spent the night at his residence. He encouraged this officer to contact Hobart if further verification was necessary. When asked if Hobart or any other individual resided at his residence, the subject stated that he did not have any roommates who lived with him at 425 Ena Road, Honolulu, Hawaii. This officer subsequently contacted the subject's substance abuse counselor, CSAC Tsai-Burch. She reported that after this officer encountered "Hobart" on 7/6/2006, the subject contacted her and attempted to clarify that he did not have any "roommates," but rather his friends would visit him on occasion. According to CSAC Tsai-Burch, the subject's clarifications conflicted with his statements in both individual and group counseling sessions.

On 7/17/2006, Senior U.S. Probation Officer (Senior USPO) Derek M. Kim informed this officer that he received information that convicted felon, Joslyn G. Garcia (Garcia), was residing at the subject's residence. Upon further investigation, it was determined that the individual who identified himself as "Shawn" on 7/6/2006 was, in fact, convicted felon, Michael Gravatt.

On 7/24/2006, the U.S. Probation Office and the U.S. Marshals Service (USMS) proceeded to the subject's residence to execute a federal violator's warrant against Garcia. Upon gaining entry into the residence, the male who identified himself as "Shawn" on 7/6/2006 was sitting at a desk working on a computer laptop and Garcia was lying on a couch. When questioned, the male recognized this officer, but identified himself as "Wade." He initially refused to provide proper identification until the USMS formally instructed him to provide such identification incident to the arrest of Garcia. His identity was later confirmed to be Michael Gravatt.

After the identification of Gravatt, this officer proceeded to the subject's employment to obtain a statement. When confronted, the subject admitted that Gravatt was the individual this officer encountered on 7/6/2006. He also admitted that Gravatt had been residing at his residence for at least 2 months and acknowledged that he was previously prohibited to associate with Gravatt, pursuant to Standard Condition No. 9.

Re: **WATKINS, Andy Joe**
**Criminal No. CR 01-00247DAE-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

On 7/26/2006, this officer contacted CSAC Tsai-Burch to discuss her individual counseling session with the subject on 7/25/2006. CSAC Tsai-Burch reported that the subject was very focused on maintaining his relationship with Garcia. He did not appear to be concerned about the consequences of his deceptive behavior. In addition, the subject did not express remorse or acknowledge the wrongfulness of his behavior.

**Violation No. 2 - Associating With Convicted Felon, Joslyn G. Garcia:**

As stated above, on 7/17/2006, Senior USPO Kim informed this officer that it was determined that convicted felon, Joslyn G. Garcia, was residing at the subject's residence. This determination was based on the following events:

On 7/14/2006, Senior USPO Kim received reliable information that Garcia was romantically involved with a male individual identified as Andy Watkins, a felon under federal supervision with the Probation Office.

On 7/17/2006, Senior USPO Kim consulted with this officer to confirm the subject's status and adjustment on supervision. After the subject's identity was confirmed, Senior USPO Kim reviewed a photo of the subject with USPO Jonathan K. Skedeleski. Both officer's recognized the subject as the male who was observed with Garcia on 4/12/2006. In this regard, on 4/12/2006, Garcia was instructed to report to the Probation Office to address multiple violations. After leaving the Probation Office, USPO Skedeleski observed Garcia and the subject in front of the courthouse. USPO Skedeleski further observed Garcia and the subject hugging and kissing before proceeding toward downtown Honolulu. USPO Skedeleski continued to follow Garcia and the subject until he lost sight of them on Queen Street. Thereafter, USPO Skedeleski met Senior USPO Kim on Alakea Street and proceeded toward Garcia's place of employment. While on Alakea Street, USPO Skedeleski and Senior USPO Kim observed the subject standing inside the lobby area of a building facing Alakea. Upon establishing eye contact with USPO Skedeleski and Senior USPO Kim, the subject ran toward the Ewa end of the building and disappeared from sight. Thereafter, Senior USPO Kim proceeded to Garcia's workplace. When asked to identify the subject, Garcia identified him as "Sean Douglas." She also denied that she and Douglas evaded USPO Skedeleski. It should also be noted that this officer observed the subject near the U.S. Probation Office earlier that day, near the courthouse. When asked whether the subject wanted to schedule a meeting, the subject replied that he just needed to pick up monthly supervision reports.

On 7/24/2006, a federal arrest warrant was issued against Joslyn G. Garcia for multiple supervised release violations to include untruthfulness, failing to participate in

Re:   **WATKINS, Andy Joe**
      **Criminal No. CR 01-00247DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

mental health counseling, failing to report new employment, failing to report a change in residence, failing to make restitution payments, and associating with a convicted felon. It is noted that Garcia was previously convicted in U.S. District Court of three counts of Bank Fraud and Access Device Fraud.

On 7/24/2006, the USMS arrested Garcia at the subject's residence.

After Garcia's arrest, this officer proceeded to the subject's employment to question him about his noncompliant behavior. When informed about Garcia's arrest at his residence, the subject admitted that he had been associating with her since the beginning of 2006. He explained that they met at Mahoney Hale and admitted that she had been residing at his residence since May 2006. During the conversation, the subject repeatedly stated that he loved Garcia and noted that she is pregnant with his child.

On 7/26/2006, this officer contacted the subject's psychologist, Dr. Greg Turnbull. Dr. Turnbull confirmed that the subject recently resumed mental health counseling sessions to address the arrest of Garcia and the consequences of his misconduct on supervised release. Dr. Turnbull described the subject as a "brittle narcissist" who craves consistent love and affirmation from others. Upon further inquiry, Dr. Turnbull opined that the subject would continue to manipulate and deceive others to maintain his needs.

### Violation No. 3 - Submitting Untruthful Monthly Supervision Reports for May and June of 2006:

On 7/24/2006, the subject admitted that felons, Joslyn G. Garcia and Michael Gravatt, were residing at his residence without authorization from the Probation Office from as early as May 2006. However, the subject's May and June Monthly Supervision Reports did not reflect that Garcia or Gravatt were residing at this residence. Both reports were executed by the subject. As a result, the subject has also been charged with submitting untruthful monthly supervision reports for May and June of 2006.

The repetitive nature of the subject's noncompliant behavior since his release on supervision indicates he will not comply with his Court-ordered conditions of supervised release. In this regard, the subject has exhibited a pattern of deceitful behavior with respect to his association and residence with felons, Joslyn G. Garcia and Michael Gravatt. In addition to those association violations, the subject furthered his misconduct by submitting untruthful Monthly Supervision Reports for May and June of 2006. The subject's willingness to engage in deceitful behavior indicates he does not

Re:   **WATKINS, Andy Joe**
      **Criminal No. CR 01-00247DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

recognize the seriousness of his legal situation and will likely commit further violations while on supervised release whenever he feels justified. For this reason, he is not amenable to continued supervision at this time.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/pts

Re:   **WATKINS, Andy Joe**
      **Criminal No. CR 01-00247DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The defendant shall not associate with Joslyn G. Garcia, a felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

The defendant shall not associate with Michael "Mike G." Gravatt, a convicted felon.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     ANDY JOE WATKINS            Docket No.  CR 01-00247DAE-02
Address:

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of five (5) years commencing .

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

     (1)      The defendant shall not leave the judicial district without the permission of the court or probation officer;

     (2)      The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

     (3)      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____Andy Watkins_____   12-7-05
ANDY JOE WATKINS, Defendant               Date

_____Carter Lee_____               12/2/05
CARTER A. LEE                              Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: ANDY JOE WATKINS
Docket No. CR 01-00247DAE-02

## Conditions of Probation and Supervised Release
### (continued from previous page)

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant provide the Probation Office access to any requested financial information.

3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4) That the defendant is prohibited from possessing any illegal or dangerous weapons.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____Andy Watkins_____    12-2-05
ANDY JOE WATKINS, Defendant    Date

_____Carter Lee_____    12/2/05
CARTER A. LEE    Date
U.S. Probation Officer