ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

## SEALED BY ORDER OF THE COURT
### United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 3 2006

at 9 o'clock and 50 min. A M
SUE BEITIA, CLERK

U.S.A. vs. ANDY JOE WATKINS                     Docket No. CR 01-00247DAE-02

### AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANDY JOE WATKINS who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 30th day of September 2004, who fixed the period of supervision at 60 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant is prohibited from possessing any illegal or dangerous weapons.

The subject's term of supervised release commenced on 2/24/2006.

On 9/19/2006, the subject appeared before Your Honor for an order to show cause why supervised release should not be revoked (OSC) hearing. During the hearing, the subject admitted to Violation Nos. 1 through 3 which included prohibited association with felon Michael G. Gravatt, prohibited association with felon Joslyn G. Garcia, and the submission of untruthful Monthly Supervision Reports for May and June of 2006. Your Honor reprimanded the subject for engaging in deceitful behavior and failure to accept responsibility for his actions. In addition, the subject was warned that no further violations would be tolerated. To ensure his compliance, Your Honor continued the hearing and modified the subject's supervised release to include the following special conditions:

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

5.    That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6.    The defendant shall have no contact with felon, Joslyn G. Garcia, except for the purpose of determining child visitation issues, and with prior approval by the Probation Office.

7.    The defendant shall have no contact with felon, Michael "Mike G" Gravatt, without prior approval by the Probation Office.

In addition to adding the above indicated conditions of supervised release, Your Honor specifically ordered that the subject be returned to court for further proceedings if he makes any additional untruthful statements during the term of supervision.  The subject must now appear for further proceedings to answer to the violations listed in this petition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the petition for Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 include the following additional violations:

4.    The subject associated with felon, Joslyn G. Garcia, without the permission of the Probation Officer, in violation of Special Condition No. 6.

5.    The subject was untruthful to the Probation Officer on 10/12/2006, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 be amended to include the above-noted additional violations.  It is also recommended that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 be amended to include the above-noted additional violations, the issuance of a NO BAIL Warrant, and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    11/1/2006

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

ORDER OF COURT

    THE COURT ORDERS that the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 be amended to include the above-noted additional violations, the issuance of a NO BAIL Warrant, and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

    Considered and ordered this 1st day of November, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:    **WATKINS, Andy Joe**
       **Criminal No. CR 01-00247DAE-02**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

### Violation No. 4 - Associating With Felon, Joslyn G. Garcia:

After the 9/19/2006 OSC hearing, this officer contacted the Federal Detention Center (FDC) and informed personnel of the subject's conditions of supervised release that prohibited any contact with inmate Joslyn Garcia. On 10/6/2006, Garcia's counselor contacted this officer and reported that Garcia and the subject had an unauthorized 10-minute conversation in which the couple discussed "personal" matters unrelated to child custody issues for the majority of the conversation.

On 10/12/2006, the subject reported for an office visit to discuss his unauthorized contact with Garcia. When confronted about the violation, the subject adamantly denied having any direct contact with Garcia. Rather, he explained that his friend "Shawn" had been communicating with Garcia while he listened on the speaker phone. The subject further reported that his friend's voice could easily be mistaken for his own voice over the telephone. In response, this officer noted that the subject's explanation lacked credibility and reminded him that his modified conditions of supervised release prohibit any contact with Garcia, except for the purpose of addressing child visitation issues, and with prior approval by the Probation Office. To address the unauthorized association, the subject agreed to execute a written reprimand acknowledging his misconduct.

On 10/26/2006, this officer contacted an intelligence officer at the FDC. She reported that Garcia had been making telephonic contact with a third party who appeared to have a relationship with her. This third party received 23 calls from Garcia between the subject's OSC hearing on 9/19/2006 and 10/10/2006. Consequently, this officer proceeded to the FDC and listened to several of those recorded conversations. This officer clearly recognized the subject's voice on the recorded conversations with Garcia and identified the personal references he made to Garcia about their relationship. For example, the subject proclaimed his intent to marry Garcia and raise their daughter together, mentioned the medical condition of his son Tristan, and discussed Garcia's jealousy towards his ex-wife. To conceal his identity and direct association, the subject referred to himself in the third person during his conversations with Garcia.

On 10/31/2006, the subject reported for an office visit to discuss his misconduct. Upon this officer's recitation of the instant timeline of events and specific knowledge regarding the content of the recorded conversations, the subject admitted to having direct contact with Garcia and receiving a majority of the 23 calls between the OSC hearing and 10/10/2006. Upon further questioning, the subject reported that he was

Re:    **WATKINS, Andy Joe**
       **Criminal No. CR 01-00247DAE-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

receiving the calls with Garcia's cellular phone (688-3627) and also admitted to
receiving 20 additional calls on his cellular telephone (723-9503) between 8/1/2006 and
8/17/2006.  The subject then requested another chance to comply with the terms and
conditions of his supervised release and noted his intent to terminate all contact with
Garcia.  This officer informed the subject that Your Honor would be notified of his
misconduct and further proceedings would be initiated.

### Violation No. 5 - Being Untruthful to the Probation Officer on 10/12/2006:

On 10/12/2006, the subject reported for an office visit to discuss his
unauthorized contact with Garcia.  When confronted about the violation, the subject
denied having any direct contact with Garcia.  However, as set forth in Violation No. 4,
the subject later admitted to having direct contact with Garcia on multiple occasions
before and after his 9/19/2006 OSC hearing.

Despite Your Honor's leniency at the last revocation proceeding, the subject
immediately reestablished contact with Joslyn Garcia.  This indicates that he is unwilling
to recognize the authority of the Court or the seriousness of being placed under Court
ordered supervision.  Furthermore, when confronted about his misconduct, the subject
was untruthful and represented that he communicated with Garcia via an intermediary.
It was only after he realized that his voice was recognized in the recorded conversations
did he admit the truth.  The subject's conduct indicates he deliberately attempted to
circumvent Your Honor's intent and is no longer amenable to supervision.  Moreover,
his behavior indicates he has chosen to direct his efforts towards circumventing rather
than complying with his supervision requirements.

Re:    **WATKINS, Andy Joe**
       **Criminal No. CR 01-00247DAE-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


As such, he poses a risk to the community and it is respectfully recommended that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.


Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer


Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/tcp

Re:  **WATKINS, Andy Joe**
     **Criminal No. CR 01-00247DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT
CONSIDERATION**

      None.