Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 2 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

U.S.A. vs.  ANDY JOE WATKINS                                     Docket No.  CR 01-00247DAE-02

### SECOND AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Special Probation)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANDY JOE WATKINS who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 30th day of September 2004, who fixed the period of supervision at 60 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant is prohibited from possessing any illegal or dangerous weapons.

The subject's term of supervised release commenced on 2/24/2006.

On 9/19/2006, the subject appeared before Your Honor for an order to show cause (OSC) why supervised release should not be revoked hearing. During the hearing, the subject admitted to Violation Nos. 1 through 3 which included prohibited association with felon Michael G. Gravatt, prohibited association with felon Joslyn G. Garcia, and the submission of untruthful Monthly Supervision Reports for May and June of 2006. Your Honor reprimanded the subject for engaging in deceitful behavior and failure to accept responsibility for his actions. In addition, the subject was warned that no further violations would be tolerated. To ensure his compliance, Your Honor continued the hearing and modified the subject's supervised release to include the following special conditions:

5.      That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6.      The defendant shall have no contact with felon Joslyn G. Garcia, except for the purpose of determining child visitation issues, and with prior approval by the Probation Office.

7.      The defendant shall have no contact with felon Michael "Mike G" Gravatt, without prior approval by the Probation Office.

In addition to adding the above indicated conditions of supervised release, Your Honor specifically ordered that the subject be returned to court for further proceedings if he makes any additional untruthful statements during the term of supervision. The subject must now appear for further proceedings to answer to the violations listed in this petition.

On 11/3/2006, an Amended Request For Course of Action was filed. The Amended Request for Course of Action included Violation Nos. 4 and 5 which reported the subject's prohibited association with Joslyn G. Garcia and his untruthful statements to the Probation Officer on 10/12/2006.

Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 and Amended Request for Course of Action filed on 11/3/2006 include the following information:

**STATEMENT OF FACTS**

### Violation No. 4 - Associating With Felon Joslyn G. Garcia:

On 9/19/2006, the Court imposed a special condition of supervised release that specifically prohibited the subject from contact with felon Joslyn G. Garcia. The special condition prohibited the subject from any contact with Ms. Garcia, except for the purpose of determining child visitation issues, and with the prior approval by the Probation Office. The Probation Office subsequently established that the subject engaged in 23 conversations with Ms. Garcia between his OSC hearing on 9/19/2006 and 10/20/2006. As Ms. Garcia has not yet given birth to the child, the conversations did not relate to child visitation issues. In addition, none of the conversations were approved by the Probation Office.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 and the Amended Request for Course of Action filed on 11/3/2006 be amended to include the above-noted additional information. The subject is currently in custody and shall be brought before the Court to show cause why supervision should not be revoked on 11/22/2006.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 and the Amended Request for Course of Action filed on 11/3/2006 be amended to include the above-noted additional information and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on __11/22/2006__

_____
CARTER A. LEE
U.S. Probation Officer

Approved by:

_____
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 7/28/2006 and filed on 8/2/2006 and the Amended Request for Course of Action filed on 11/3/2006 be amended to include the above-noted additional information and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 22nd day of November, 2006, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge